IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CV-10-BO

| | |
|---|---|
| LAZLO SZABO, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) ORDER |
| EAST CAROLINA UNIVERSITY, | )<br>)<br>) |
| Defendant. | )<br>) |

This matter is before the Court on Defendant's Motion to Dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendant's Motion is GRANTED, and this matter is DISMISSED.

## BACKGROUND

Plaintiff, a male of Hungarian national origin, was employed by Defendant from September 1999 to September 2006 as a library assistant and computer support technician. In 2002, Plaintiff applied for Library Technical Assistant I position, but did not get the position because Defendant hired someone more senior than Plaintiff. During 2002, ECU had a hiring freeze. Plaintiff took leave under Family Medical Leave Act, and could not apply for any vacant position while on leave. During 2003, Plaintiff, at the request of his superior, assumed the position of computer support technician while maintaining his library assistant position, with the understanding that after six months his salary would be increased. His salary was not increased until after a year. In 2003, Plaintiff was told he would not be considered for a position as Head of Circulation and Reserve because of a large pool of qualified candidates, and encouraged him

to apply to an entry level position. In 2004, Plaintiff filed for family medical leave beginning in January 2005. After a job opened, he asked that his application be expedited so as to be considered before he began his period of leave. During Plaintiff's leave, the reference department hired a new faculty member. Plaintiff filed a charge of discrimination with the North Carolina Office of Administrative Hearings alleging denial of promotion or advancement based on his age and national origin on August 5, 2005.

## ANALYSIS

A Rule 12(b)(1) motion to dismiss challenges subject matter jurisdiction. In response to such a challenge, the nonmoving party bears the burden of proving that subject matter jurisdiction is proper. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 769 (4th Cir. 1991). In determining whether such jurisdiction exists, a district court must regard the facts alleged in the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *See Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A motion to dismiss under Rule 12(b)(6) should be granted when "it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Id.*

I. <u>Title VII and ADEA Claims before October 22, 2004</u>

A plaintiff seeking relief under Title VII of the Civil Rights Act of 1964, or under the Age Discrimination in Employment Act, must file an administrative claim with the EEOC. 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d). Title VII and ADEA filing limitations period begins as of the date the employee receives notification of the alleged discriminatory act. *Del. State College v. Ricks*, 449 U.S. 250, 258-60 (1980). Claimant is given 180 days to file a complaint with the EEOC after the unlawful employment practice or 300 days in deferral states such as North Carolina. 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d); N.C. GEN. STAT. § 7A-759 (2006); *Tinsely v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998). Plaintiff filed his administrative charge on August 17, 2005. Thus, conduct occurring before October 22, 2004, is barred under the 300 day statute of limitations. Plaintiff's allegations of failure to promote occurring before October 22, 2004 are DISMISSED.

II. <u>Title VII and ADEA Claims after October 22, 2004</u>

To establish a *prima facie* case under Title VII and the ADEA in the context of failure to promote, Plaintiff must demonstrate: (1) he is a member of a protected group; (2) he applied but was denied a promotion; (3) he was qualified for the promotion; and (4) he was rejected under circumstances giving rise to an inference of discrimination. *Amirmokri v. Balt. Gas & Elec. Co.*, 60 F.3d 1126, 1129 (4th Cir. 1996); *Hildebrant v. W.R. Grace & Co. -Conn.*, No. 06-1729, 2007 WL 1828897 (4th Cir. June 26, 2007).

Plaintiff vehemently denies that he applied for a job during the 300 days prior to filing his complaint with the EEOC. Further, Plaintiff has offered no allegations that he applied for a job after August 17, 2005, the date of filing. Thus, Plaintiff cannot establish a Title VII or ADEA

3

claim based on failure to promote after October 22, 2004, because Plaintiff cannot satisfy the second prong, that he applied for a promotion. Plaintiff's claims of failure to promote after October 22, 2004 are DISMISSED.

III. Equal Pay Act Claims

The Equal Pay Act provides that employers cannot pay employees of opposite sexes disparate pay for equal work. 29 U.S.C. § 206(d). To establish a *prima facie* case under the Equal Pay Act, Plaintiff must demonstrate that he received lower pay than a female employee performing substantially equal work under similar conditions. *Strag v. Bd. of Trustees*, 55 F.3d 943, 948 (4th Cir. 1995). Plaintiff fails to allege that any female was paid more than he for the same work. Accordingly, Plaintiff has not established a claim under the Equal Pay Act, and his claims under such are DISMISSED.

IV. State Law Claims

The Eleventh Amendment protects states by prohibiting federal courts from considering state law claims against state officials. *Pennhurst v. Halderman*, 465 U.S. 89, 121 (1984). The State has not waived its Eleventh Amendment immunity in this case. Plaintiff's state law claims are DISMISSED.

V. State Constitutional Claims

Plaintiff brings claims under the North Carolina Constitution. In limited circumstances, a direct complaint may be filed against the state or its agents where no adequate state remedy exists. *Corum v. Univ. N.C.*, 413 S.E.2d 276, 289, 291 (N.C. 1992). Plaintiff claims that Defendant violated the North Carolina constitutional protection of "equality and rights of persons" by discriminating against him based on his national origin, gender and age. Plaintiff

has an adequate state law remedy under Chapter 126 of the North Carolina General Statutes. *See* N.C. GEN. STAT. §§ 126.16, 126.36. Plaintiff has not shown that the state has no adequate remedy. Thus, Plaintiff's constitutional law claims, brought under the North Carolina Constitution, are barred by sovereign immunity and are DISMISSED.

Accordingly, Defendant's Motion to Dismiss is GRANTED, and this matter is DISMISSED.

SO ORDERED, this __1__ day of August 2007.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE